IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY M. RENERT,<br><br>                      Petitioner,<br><br>      vs.<br><br>WILLIAM LEE, Superintendent, Eastern<br>Correctional Facility,[1]<br><br>                      Respondent. | No. 9:17-cv-00697-JKS<br><br>MEMORANDUM DECISION |

       Barry M. Renert, a New York state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Renert is in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") and incarcerated at Eastern Correctional Facility. Respondent has answered the Petition, and Renert has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

       Renert was charged with attempted murder, first-degree attempted assault, and second-degree burglary after he entered his former employer's private office, while armed, and threatened to shoot the victim. On August 18, 2014, Renert, represented by counsel, appeared in court to enter a change of plea. Renert confirmed his intention to plead guilty to second-degree burglary in satisfaction of the 3-count indictment and any other uncharged crimes in exchange for an agreed-upon sentence of 15 years' imprisonment to be followed by post-release

---

      [1]      William Lee, Superintendent, Eastern Correctional Facility, is substituted for Stewart Eckert, Superintendent, Wende Correctional Facility. FED. R. CIV. P. 25(c).

supervision of between 2½ and 5 years.  The plea agreement also included a waiver of Renert's right to appeal.

Prior to accepting his guilty plea, the trial court confirmed that Renert understood the plea agreement, had adequately discussed the agreement with his attorney, and that he had the "opportunity to consider or weigh the advantages and disadvantages to [him] in accepting th[e] plea offer as opposed to going to trial."  Renert confirmed that he had not been threatened or pressured into pleading guilty, nor had he been made promises, other than the agreed-upon sentence, in exchange for the plea.  Renert agreed that he was "clear-headed" during the change-of-plea proceedings, and that he understood the rights he was giving up by entering his plea and avoiding trial.  The court then explained that the plea agreement would require Renert to waive his right to appeal, and asked Renert, "do you, in fact, give up your right to appeal your conviction and sentence?"  Renert answered in the affirmative.

Renert then admitted that he knowingly entered the store where he was formerly employed and walked into the owner's private office with the intent to steal money from him.  Plea counsel agreed that there was sufficient factual basis for the plea, and the trial court accepted the guilty plea.  Renert later moved to withdraw his plea on the ground that his mental state at the time of plea entry prevented him from knowingly, voluntarily and intelligently entering a plea.  County court denied the motion without a hearing and subsequently sentenced Renert in accordance with the plea agreement.  At sentencing, the court again addressed Renert's complaints about his plea and sentence, and reaffirmed the voluntariness of Renert's plea and waiver.  When asked to sign a written waiver of appeal, Renert refused.

Through counsel, Renert appealed his conviction and sentence, again challenging his plea as unknowingly, involuntarily, and unintelligently made, and also arguing that his waiver of the right to appeal was invalid.  The Appellate Division of the New York Supreme Court unanimously affirmed the judgment against Renert in a reasoned opinion issued on October 6, 2016.  *People v. Renert*, 38 N.Y.S.3d 640, 640 (N.Y. App. Div. 2016).  Renert filed a counseled application for leave to appeal to the Court of Appeals, which was summarily denied on December 30, 2016.  *People v. Renert*, 73 N.E.3d 363, 363 (N.Y. 2016).  His conviction therefore became final 90 days later, on March 30, 2017, the conclusion of the period during which Renert could have sought certiorari review in the United States Supreme Court.  *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

Renert then timely filed the instant *pro se* Petition for a Writ of Habeas Corpus to this Court on June 20, 2017.  Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1)(A).  Briefing is now complete, and the Petition is before the undersigned judge for adjudication.

## II. GROUNDS RAISED

In his *pro se* Petition before this Court, Renert argues that his waiver of the right to appeal was deficient because the court did not explain that the right to appeal was separate and distinct from the rights forfeited by his guilty plea.  Renert additionally contends that his sentence is harsh and excessive.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Jones v. Stinson*, 229 F.3d 112, 118 (2d Cir. 2000). Where there is no reasoned decision of the state court addressing the ground or grounds raised on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues de novo on the record before it. *See Dolphy v. Mantello*, 552 F.3d 236, 239-40 (2d Cir. 2009) (citing *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)); *cf. Wiggins v. Smith*, 539 U.S. 510, 530-31 (2003) (applying a de novo standard to a federal claim not reached by the state court). In so doing, the Court presumes that the state court decided the claim on the merits and the decision rested on federal grounds. *See Coleman v. Thompson*, 501 U.S. 722, 740 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989); *see also Jimenez v. Walker*, 458 F.3d 130, 140 (2d Cir. 2006) (explaining the *Harris-Coleman* interplay); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810-11 (2d Cir. 2000) (same). This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference); *Jimenez*, 458 F.3d at 145-46. Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Renert has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v.*

5

*Landon*, 342 U.S. 524, 530 (1952).  Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *United States ex rel. Catalano v. Shaughnessy*, 197 F.2d 65, 66-67 (2d Cir. 1952) (per curiam).

IV. DISCUSSION

Ground 1.    *Invalid Appellate Waiver*

Renert first argues that his waiver of the right to appeal was invalid because: 1) at the change-of-plea hearing the "court did not explain that the right of appeal was separate and distinct from rights forfeited by a plea [of] guilty or that [Renert] was being asked to waive review of the harshness of the sentence;" and 2) "[t]here was no written waiver or indication that defense counsel had explained waiver concepts to" Renert.  The Appellate Division rejected this claim on direct appeal as follows:

> Contrary to [Renert's] contention, a review of the plea colloquy demonstrates that he validly waived his right to appeal.  Although no written waiver of appeal was executed, County Court engaged in a thorough plea colloquy with [Renert] adequately informing him of the trial-related rights that he was automatically relinquishing as a result of the guilty plea, and then explaining that, as part of the plea bargain, he was also required to waive his separate right to appeal.  [Renert] affirmatively represented that he understood.  Moreover, upon questioning by County Court, [Renert] acknowledged that he had ample opportunity to discuss the plea agreement with counsel, he indicated that he was clearheaded and was not taking any medication that prevented him from understanding the proceedings and he offered no other evidence to substantiate his contention that his mental state at the time of his plea prevented him from knowingly and voluntarily entering a plea.

*Renert*, 38 N.Y.S.3d at 641 (citations omitted).

As with plea bargains generally, a waiver of appeal is constitutionally valid if it is knowingly and voluntarily made.  *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004). Under New York law, for a waiver of appeal to be knowingly and voluntarily made the record "must establish that the defendant understood that the right to appeal is separate and distinct

from those rights automatically forfeited upon a plea of guilty . . . ."  *People v. Lopez*, 844 N.E.2d 1145, 1149 (N.Y. 2006).  But Renert's argument based on this state-law requirement does not warrant federal habeas relief.  A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."  *Bradshaw*, 546 U.S. at 76; *see West v. AT&T*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted).  Federal habeas relief is therefore unavailable for alleged errors of state law.  *Estelle*, 502 U.S. at 67.

Even if Renert's challenge were cognizable on federal habeas review, his claim that his appellate waiver was unknowingly and involuntarily made is nonetheless without merit.  As the Appellate Division thoroughly and persuasively explained in its decision, the record demonstrates that Renert's guilty plea was made knowingly and voluntarily.  Renert specifically acknowledged during the plea colloquy that he understood that he was waiving his right to appeal.  So long as a criminal defendant knowingly and voluntarily waives his right to appeal, neither New York nor federal law requires the waiver to be reduced to writing.  *See Lopez*, 844 N.E.2d at 1150 (acknowledging that "[i]t would be even better to secure a written waiver" but finding an oral colloquy sufficient).  Accordingly, the Appellate Division's rejection of Renert's

claim is both reasonable and fully supported by the record, and does not contravene or unreasonably apply federal law.  Renert is therefore not entitled to relief on this ground.

Ground 2.        *Harsh and Excessive Sentence*

Renert additionally challenges his 15-year sentence as harsh and excessive.  Federal review of his excessive sentence claim is barred, however, because the Appellate Division relied on an independent and adequate state procedural bar when it rejected Renert's claim on direct appeal.  "[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim."  *Harris*, 489 U.S. at 262.  Here, the Appellate Division rejected Renert's excessive sentence claim because it found that Renert had validly waived his right to appeal and was "precluded from arguing that the agreed-upon sentence was and excessive." *Renert*, 38 N.Y.S.3d at 641 (citation omitted).  New York courts regularly enforce appeal waivers to bar appeals of issues encompassed by the waiver.  *See, e.g.*, *Lopez*, 844 N.E.2d at 1150; *People v. Marrero*, 661 N.Y.S.2d 1015 (N.Y. App. Div. 1997).  Consequently, Renert's claim is procedurally barred from federal habeas review here.  *See Krouth v. Amoia*, No. 15-cv-6616, 2018 WL 1523627, at *7 (W.D.N.Y. Mar. 28, 2018); *Alvarez v. Yelich*, No. 09-CV-01343, 2012 WL 2952412, at *5 (E.D.N.Y. July 17, 2012) ("Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief." (collecting cases)).

Moreover, Renert cannot prevail on the merits of his challenge either.  It is well-settled that an excessive sentence claim may not be raised as grounds for federal habeas corpus relief if the sentence is within the range prescribed by state law.  *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *Bellavia v. Fogg*, 613 F.2d 369, 373 (2d Cir. 1979) (setting mandatory sentences is

solely the province of state legislature); *Hernandez v. Conway*, 485 F. Supp. 2d 266, 284 (W.D.N.Y. 2007) (excessive sentence claim does not present a federal question cognizable on habeas review where the sentence was within the range prescribed by state law).  Here, under New York Penal Law §§ 70.02(1)(b) and 70.02(3)(b), the court was required to sentence Renert to a determinate sentence of between 3½ and 15 years.  Although Renert received the upper limit of that range, he has never disputed, and does not dispute here, that he was sentenced within the applicable range.  Moreover, the plea agreement allowed him to avoid other serious charges against him and additional imprisonment that could have been imposed if he had been found guilty of those charges.

And to the extent that Renert's claim could be construed to assert an Eighth Amendment claim of cruel and unusual punishment, he cannot prevail on that claim either.  While the Supreme Court has stated that "[a] gross disproportionality principle is applicable to sentences for terms of years," it has further cautioned that it would be the "exceedingly rare" and "extreme" case which would involve a sentence which is "contrary to" or an "unreasonable application of" this principle.  *Lockyer v. Andrade*, 538 U.S. 63, 72, 73 (2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment)); 28 U.S.C. § 2254(d)(1).  "'[A] reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate' because 'the decision of a sentencing [court] is entitled to substantial deference.'"  *Edwards v. Marshall*, 589 F. Supp. 2d 276, 290 (S.D.N.Y. 2008) (quoting *United States v. Persico*, 853 F.2d 134, 138 (2d Cir. 1988)).  Here, the sentence imposed by the trial court and subsequently affirmed by the Appellate Division "does not remotely approach the realm of grossly disproportionate punishments."  *Edwards*, 589

F. Supp. 2d at 291 n.11; *see Lockyer*, 538 U.S. at 67-68, 77 (finding that, under California's Three Strikes law, a sentence of two consecutive terms of 25 years to life imprisonment for two counts of petty theft did not warrant relief under the AEDPA); *Rummel v. Estelle*, 445 U.S. 263, 285 (1980) (mandatory life sentence imposed under Texas statute upon defendant's third felony conviction, which was for obtaining $120.75 by false pretenses, did not constitute cruel and unusual punishment).  Renert is therefore not entitled to relief on his sentencing claim in any event.

## V. CONCLUSION

Renert is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* FED. R. APP. P. 22(b); 2D CIR. R. 22.1.

The Clerk of the Court is to enter judgment accordingly.

Dated: June 22, 2020.

                                                   /s/ James K. Singleton, Jr.
                                                   JAMES K. SINGLETON, JR.
                                                   Senior United States District Judge